UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA JAZWINSKI, MICHAL JAZWINSKI, CHARLES JAZWINSKI, PETER JAZWINSKI, DR. STANISLAW JAZWINSKI, AND JORDYN JAZWINSKI | * | CIVIL ACTION |
| | * | |
| | * | NO: 19-12288 |
| VERSUS | * | |
| | * | SECTION: "D" |
| MICHAEL HARRISON, INDIVIDUALLY AND IN | * | |
| HIS OFFICIAL CAPACITY AS FORMER | * | MAG: "3" |
| SUPERINTENDENT OF NEW ORLEANS POLICE | * | |
| DEPARTMENT; SHAUN FERGUSON, CURRENT | * | |
| SUPERINTENDENT OF NEW ORLEANS POLICE | * | |
| DEPARTMENT; NOPD SGT. BRADLEY GLAUDI; | * | |
| NOPD DET. TRACY RANEY; NOPD DET. | * | |
| STEPHANIE GRAY; NOPD DET. SEAN LEBLANC; | * | |
| NOPD DET. JAMES FYFE; NOPD DET. L. ARNOLD; | * | |
| NOPD DET. C. JORDAN; AND THE CITY OF | * | |
| NEW ORLEANS | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**INVOCATION OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES AND
ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, come Defendants, former New Orleans

Police Chief Michael Harrison, current New Orleans Police Chief Shaun Ferguson, NOPD Sergeant

Bradley Glaudi, NOPD Detective Tracy Raney, NOPD Detective Stephanie Gray, NOPD Detective

Sean LeBlanc, NOPD Detectives James T. Fyfe, NOPD Detective Lester Arnaud,[1] NOPD Detective

Carey Jordan,[2] in their individual and official capacities, and the City of New Orleans, and in answer

to the Plaintiffs' Complaint, respectfully represent:

## INVOCATION OF QUALIFIED IMMUNITY

Defendants Michael Harrison, Shaun Ferguson, Bradley Glaudi, Tracy Raney, Stephanie Gray, Sean LeBlanc, James T. Fyfe, Lester Arnaud, and Carey Jordan hereby invoke the defense of qualified immunity, which bars Plaintiffs' suit.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a right, cause or claim upon which relief can be granted by these Defendants.

### SECOND DEFENSE

The allegations made by Plaintiffs, even if proven, do not show the deprivation of a federally protected constitutional right**.**

### THIRD DEFENSE

In the alternative, the cause in fact of the damages complained of were the acts of Plaintiffs, whose acts should operate as a complete bar to, or diminution of, Plaintiffs' recovery.

### FOURTH DEFENSE

Defendants Michael Harrison, Shaun Ferguson, Bradley Glaudi, Tracy Raney, Stephanie Gray, Sean LeBlanc, James T. Fyfe, Lester Arnaud, and Carey Jordan specifically plead that they cannot be held liable for any discretionary acts and is otherwise immune from suit pursuant to LSA-R.S. 9:2798.1.

---

[1] Detective Lester Arnaud is improperly named as "NOPD Det. L. Arnold" in this suit. (*see* Rec. Doc. 1, par. 16).

**FIFTH DEFENSE**

Defendants Michael Harrison, Shaun Ferguson, Bradley Glaudi, Tracy Raney, Stephanie Gray, Sean LeBlanc, James T. Fyfe, Lester Arnaud, and Carey Jordan specifically plead that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties, which acts as a bar to Plaintiffs' suit.

**SIXTH DEFENSE**

Defendants specifically plead that they are entitled to the immunity afforded public officials for discretionary acts under applicable state law pursuant to any and all other statutes and jurisprudence entitling Defendants to immunity under state law. *See*, *e.g.*, *Kyle v. City of New Orleans*, 353 So. 2d 969 (La. 1977).

**SEVENTH DEFENSE**

Defendants aver that, at all times pertinent hereto, they were acting in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and the constitutions and statutes of the United States of America and the State of Louisiana.

**EIGHTH DEFENSE**

All actions taken by Defendants herein were taken in good faith, under the law, and without malice.

**NINTH DEFENSE**

Defendants aver that, at all times pertinent hereto, their actions were reasonable, justified, and legally permissible under the circumstances.

---

[2] Detective Carey Jordan is improperly named as "NOPD Det. C. Jordan" in this suit. (*see* Rec. Doc. 1, par. 17).

## TENTH DEFENSE

Plaintiffs' claims are prescribed (the statute of limitations period has run) and thus barred as a matter of law.

## ELEVENTH DEFENSE

Defendants herein submit that the claims of Plaintiffs are frivolous, groundless, and/or unreasonable, and, as such, Defendants herein are entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

**AND NOW**, for further answering Plaintiffs' Complaint, Respondents aver as follows:

## ANSWER

## I. JURISDICTION

1.      The allegations contained in Paragraph 1 of Plaintiffs' Complaint are denied except to admit that jurisdiction is proper. All other allegations contained therein are denied.

## II. PARTIES

### (PLAINTIFFS)

The allegations contained in Paragraphs 2 through 8 of Plaintiffs' Complaint do not require a response.

### (DEFENDANTS)

9.      The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied except to admit that former New Orleans Police Chief Michael Harrison is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied except to admit that Shaun Ferguson is named as a Defendant and, is the current Superintendent of Police and a resident of the Parish of Orleans. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied except to admit that NOPD Sergeant Bradley Glaudi is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

12.     The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied except to admit that NOPD Detective Tracy Raney is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

13.     The allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied except to admit that NOPD Detective Stephanie Gray is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

14.     The allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied except to admit that NOPD Detective Sean LeBlanc is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

15.     The allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied except to admit that NOPD Detective James T. Fyfe is named as a Defendant. All other allegations contained therein are denied for lack of sufficient information to justify a belief therein.

16.     The allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied except to admit

that NOPD Detective Lester Arnaud[3] is named as a Defendant. All other allegations contained

therein are denied for lack of sufficient information to justify a belief therein.

17.     The allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied except to admit

that NOPD Detective Carey Jordan[4] is named as a Defendant. All other allegations contained therein

are denied for lack of sufficient information to justify a belief therein.

18.     The allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied as written,

except to admit that the City of New Orleans is a municipality organized under the laws of the State

of Louisiana with the capacity to sue or be sued. All other allegations contained therein are denied.

## III. FACTUAL ALLEGATIONS

19.     The allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied for lack of

sufficient information to justify a belief therein.

20.     The allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied for lack of

sufficient information to justify a belief therein.

21.     The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied for lack of

sufficient information to justify a belief therein.

22.     The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied for lack of

sufficient information to justify a belief therein.

23.     The allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied for lack of

sufficient information to justify a belief therein.

24.     The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied for lack of

---

[3] Improperly named NOPD Det. L. Arnold in Plaintiffs' Complaint. (*see* Rec. Doc. 1, par. 16).

sufficient information to justify a belief therein.

25.     The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

26.     The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

27.     The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

28.     The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

29.     The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

30.     The allegations contained in Paragraph 30 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

31.     The allegations contained in Paragraph 31 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

32.     The allegations contained in Paragraph 32 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

33.     The allegations contained in Paragraph 33 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

34.     The allegations contained in Paragraph 34 of Plaintiffs' Complaint contain legal conclusions

---

[4] Improperly named NOPD Det. C. Jordan. (*see* Rec. Doc. 1, par. 17).

that do not require a response; inasmuch as they contain factual allegations, they are denied.

35.     The allegations contained in Paragraph 35 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

36.     The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

37.     The allegations contained in Paragraph 37 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

38.     The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

39.     The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

40.     The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

41.     The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

42.     The allegations contained in Paragraph 42 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

43.     The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

44.     The allegations contained in Paragraph 44 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

45.     The allegations contained in Paragraph 45 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

46.     The allegations contained in Paragraph 46 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

47.     The allegations contained in Paragraph 47 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

48.     The allegations contained in Paragraph 48 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

49.     The allegations contained in Paragraph 49 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

51.     The allegations contained in Paragraph 51 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

52.     The allegations contained in Paragraph 52 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

53.     The allegations contained in Paragraph 53 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

54.     The allegations contained in Paragraph 54 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Complaint contain legal conclusions

that do not require a response; inasmuch as they contain factual allegations, they are denied.

56.      The allegations contained in Paragraph 56 of Plaintiffs' Complaint contain legal conclusions that do not require a response; inasmuch as they contain factual allegations, they are denied.

57.      The allegations contained in Paragraph 57 of Plaintiffs' Complaint are denied except to admit that at the time of the incident, the named defendants were employed by the City of New Orleans. Furthermore, as to whether the named defendants were within the course and scope of their employment, that issue must be determined by the trier of fact.

## IV. CAUSES OF ACTION

58.      The allegations contained in Paragraph 58 of Plaintiffs' Complaint are denied.

59.      The allegations contained in Paragraph 59 of Plaintiffs' Complaint are denied.

60.      The allegations contained in Paragraph 60 of Plaintiffs' Complaint are denied.

61.      The allegations contained in Paragraph 61 of Plaintiffs' Complaint are denied.

62.      The allegations contained in Paragraph 62 of Plaintiffs' Complaint are denied.

63.      The allegations contained in Paragraph 63 of Plaintiffs' Complaint are denied.

## V. DAMAGES

64.      The allegations contained in Paragraph 64 of Plaintiffs' Complaint are denied.

65.      The allegations contained in Paragraph 65 of Plaintiffs' Complaint do not require a response except Defendants submit that Plaintiffs are not entitled to attorney's fees.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendants herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and

require.

      **WHEREFORE**, Defendants pray that, after due proceedings are had, judgment be rendered

in favor of Defendants, dismissing Plaintiffs' Complaint at their cost.  Defendants further pray for all

other equitable relief appropriate and afforded under the law.

                    Respectfully Submitted,

                    /s/     *Megan A. Haynes*
                    **MEGAN A. HAYNES, LSB #37158 (Lead Counsel)**
                    ASSISTANT CITY ATTORNEY
                    1300 PERDIDO STREET
                    CITY HALL – ROOM 5E03
                    NEW ORLEANS, LOUISIANA 70112
                    TELEPHONE: (504) 658-9800
                    FACSIMILE: (504) 658-9868
                    Megan.Haynes@nola.gov

                    **ERICA THERIO, LSB #34115**
                    ASSISTANT CITY ATTORNEY
                    **CORWIN ST. RAYMOND, LSB #31330**
                    DEPUTY CITY ATTORNEY
                    **CHURITA H. HANSELL, LSB #25694**
                    CHIEF DEPUTY CITY ATTORNEY
                    **DONESIA D. TURNER, LSB #23338**
                    SENIOR CHIEF DEPUTY CITY ATTORNEY
                    **SUNNI J. LEBEOUF, LSB #28633**
                    CITY ATTORNEY

                    *Counsel for Defendants*

# C E R T I F I C A T E

      I hereby certify that a copy of the above and foregoing pleading has been sent to

counsel of record for plaintiffs via e-filing and/or U.S. Mail this **21st** day of **October 2019.**

                    /s/     *Megan A. Haynes*
                       **MEGAN A. HAYNES**